[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-10701

Non-Argument Calendar

_____

VAUGHN ALEXANDER CROPPER,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-08018-AMM

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Vaughn Cropper, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence of 188 months' imprisonment on the ground that his claim was procedurally defaulted. After careful review, we affirm.

## I.

A jury found Cropper guilty of one count of possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).[1] In anticipation of sentencing, a probation officer prepared a presentence investigation report ("PSR"). In the report, the officer determined that Cropper was subject to the 15-year mandatory minimum sentence in the Armed Career Criminal Act ("ACCA"), because he had three prior serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The offenses were an Alabama conviction for first-degree marijuana possession, for which he was arrested on September 19, 2008; and two Alabama convictions for unlawful distribution of a controlled substance (marijuana), for which he was arrested on November 16, 2008. The PSR noted that the marijuana

---

[1] Cropper waived his right to counsel pre-trial and proceeded *pro se* throughout the district court proceedings and on appeal. *See United States v. Cropper*, 812 F. App'x 927, 928 (11th Cir. 2020) (unpublished).

possession offense was committed on or about February 22, 2007, and the two distribution convictions stemmed from unlawful conduct committed on two different occasions—the first on or about September 12, 2008, and the second on or about September 19, 2008.

Cropper objected to the PSR but not to the PSR's determination that he had been convicted of three separate and distinct serious drug offenses. At sentencing, the district court overruled Cropper's objections and sentenced him under ACCA to 188 months' imprisonment. Cropper appealed. He also continued simultaneous proceedings in the district court.

Cropper moved in the district court to be released pending appeal. At a hearing on the matter, Cropper indicated that he believed the ACCA enhancement "shouldn't apply . . . because the three prior felonies being applied were all one case." Crim. Doc. 91 at 17.[2] A magistrate judge denied his motion, relying on the PSR to conclude that Cropper's three prior drug convictions were committed on different occasions. *See* 18 U.S.C. § 924(e)(1). Cropper sought review of the magistrate judge's order, arguing that his marijuana possession offense did not, as stated in the PSR, take place on February 22, 2007, but rather occurred on September 19, 2008, the same day as one of his distribution offenses that served as an ACCA predicate. Cropper attached a pretrial document prepared by a probation officer listing his criminal history. The document

---

[2] "Crim Doc." numbers are the district court's docket entries in Cropper's underlying criminal case.

listed his marijuana possession conviction as based on offense conduct "on or about September 19, 2008." Crim. Doc. 110-4 at 8. He also raised a double jeopardy claim. Cropper argued that the marijuana possession conviction, for which the PSR listed an offense date of February 22, 2007, violated the Double Jeopardy Clause of the Fifth Amendment because he previously had been convicted for the same offense conduct.

The district court denied Cropper's motion. As relevant here, the court stated that Cropper had not "argue[d] that this Court should change his sentence so that [ACCA] does not apply," but rather had "present[ed] this argument to challenge the magistrate judge's alternative finding that [Cropper] should be detained" pending appeal "because none of his appeal issues—including the issue that the [ACCA] enhancement was incorrectly applied to him—are likely to result" in a new sentence. Crim. Doc. 112 at 12 n.2. Further, the court explained, even if Cropper was asking for a lesser sentence, his failure to object to the relevant facts in the PSR meant that he was deemed to have admitted those facts, including the dates on which the offenses were committed. Cropper did not appeal this order.

Meanwhile, in this Court, Cropper challenged his marijuana possession ACCA predicate on the same double jeopardy grounds he raised in the district court. He did not argue that the marijuana possession offense was committed on the same occasion as one of his distribution offenses. We rejected Cropper's double jeopardy argument, concluding that he could not use an appeal of his federal

23-10701                Opinion of the Court                    5

sentence to collaterally attack his prior state conviction. *See United States v. Cropper*, 812 F. App'x 927, 931–32 (11th Cir. 2020) (unpublished).

After Cropper was unsuccessful seeking relief via a motion for release pending appeal in district court and before this Court on direct appeal, he filed a § 2255 motion in district court. In his motion he alleged that "[n]ew evidence prove[d] that two of [his] ACCA-predicates actually arose from a single criminal episode and did not occur on different occasions." Civ. Doc. 1 at 4.[3] Thus, he argued, he lacked three prior serious drug offense convictions and should not have received an ACCA-enhanced sentence. *See* 18 U.S.C. § 924(e)(1). He alleged that his Alabama marijuana possession conviction and one of his distribution convictions "both occurred on September 19, 2008, at the same time and place during a single criminal episode." *Id.* Cropper acknowledged that he did not raise the issue in his direct appeal, explaining that at the time he "lacked a key piece of evidence to sufficiently support this claim" and that he had "withheld this issue" to meet page limit requirements. *Id.* The evidence, Cropper said, was the State of Alabama's concession in a November 2020 state-court brief that the February 22, 2007 date of his marijuana possession was a "clerical error" and

_____

[3] "Civ. Doc." numbers are the district court's docket entries in Cropper's § 2255 case.

Cropper's § 2255 motion contained two claims, but only one is at issue in this appeal—the one about which the district court issued a certificate of appealability.

that the possession actually occurred on September 19, 2008, the same day as one of his distribution charges. Civ. Doc. 3 at 8. Cropper explained that he did not raise the issue on direct appeal because he was not in possession of the brief then, noting that this Court decided his direct appeal in May 2020. Cropper attached Alabama's brief, as well as a state criminal complaint dated September 23, 2008, which specified that he unlawfully possessed marijuana "on or about 9/19/2008." *Id.* at 117; *see also id.* at 42 (criminal form noting "OFF: 09192008").

The district court denied Cropper's § 2255 motion. The court found that Cropper had failed to raise the clerical-error claim on direct appeal despite his ability to do so, and so the claim was procedurally defaulted. The court further concluded that Cropper could show neither cause nor prejudice to excuse the default. And, the court concluded, Cropper had not shown that the default could be excused on the ground of actual innocence. The court nonetheless granted Cropper a certificate of appealability on whether his "case is truly extraordinary and requires the consideration of [a] procedurally defaulted claim[]." Civ. Doc. 9 at 26. This is Cropper's appeal.

## II.

In a § 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

## III.

Section 2255 permits a federal prisoner to obtain relief from a sentence when that sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Generally, a criminal defendant must advance an available challenge to his conviction or sentence on direct appeal or else he is barred from presenting that claim in a § 2255 proceeding. *Lynn*, 365 F.3d at 1234; *see also Granda v. United States*, 990 F.3d 1272, 1286 (11th Cir. 2021) (same). If a defendant fails to do so and then advances his claim in a § 2255 proceeding, his claim is procedurally defaulted and he "cannot succeed on collateral review unless he can either (1) show cause to excuse the default *and* actual prejudice from the claimed error, or (2) show that he is actually innocent of [his offense of] conviction." *Granda*, 990 F.3d at 1286.

Cropper argues that he can satisfy both exceptions to the procedural default rule. As to cause and prejudice, he argues that he lacked the necessary evidence to prove that his marijuana possession conviction was committed on the same occasion as one of his distribution convictions until after his direct appeal concluded. Acknowledging that he had some evidence during his direct appeal, Cropper asserts that the State of Alabama's brief was the linchpin for his argument because it took the amount of evidence he had over the threshold he would need to prove his claim. As to actual prejudice, he argues that because of the error in his PSR he was sentenced to over five years above the ten-year statutory maximum that would have applied had he not been given the ACCA enhancement.

We must reject Cropper's cause-and-prejudice argument. The question we must ask is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all. *Lynn*, 365 F.3d at 1235. Here, the claim that two of his offenses were not committed on separate occasions was available to Cropper at sentencing and on direct appeal. Indeed, Cropper raised the claim in the district court in support of his motion for release pending appeal, further demonstrating its availability. He did not, unfortunately, raise it to this Court. Cropper therefore cannot show cause to excuse the procedural default. We need not address prejudice.

Cropper also argues that he can satisfy the actual-innocence exception to procedural default. He asserts that he was actually innocent of being an armed career criminal. Precedent forecloses Cropper's argument that he is actually innocent. *See Williams v. Warden*, 713 F.3d 1332, 1345–46 (11th Cir. 2013)(holding that actual innocence refers only to factual innocence of crimes and that a challenge to whether a prior offense qualified as an ACCA predicate was a claim of legal innocence), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast*, 851 F.3d 1076, 1096 (11th Cir. 2017) (en banc).

For these reasons, we affirm the district court's denial of Cropper's § 2255 motion.

**AFFIRMED.**